[Civ. No. 4594. Second Appellate District, Division Two.—June 3, 1927.]

EMMA R. LOVEALL, Respondent, v. F. L. BEVERLEY, Appellant.

[1] QUIETING TITLE—OIL LEASE—OPTION—LIFE TENANCY.—In an action to quiet title to an interest in real property against claims based on an agreement which gave defendant an option for an oil lease, where defendant did not exercise his option in accordance with the agreement, he is in no position to complain that plaintiff was not able to perform because of being only a life tenant without power to grant the right to withdraw mineral resources from the freehold.

[2] ID.—EVIDENCE—PROPER EXCLUSION OF TESTIMONY.—In such action, testimony offered by defendant to show that the option for

the lease was associated with a similar option obtained by defendant from plaintiff's daughter on adjoining land was properly excluded.

[3] ID.—EXPIRATION OF OPTION—ESCROW INSTRUCTIONS—EVIDENCE.—In such action, the trial court properly refused to receive in evidence escrow instructions in a transaction by a third party with defendant after the expiration of the option.

[4] ID.—EXECUTION OF OTHER OPTIONS—EVIDENCE.—In such action, testimony as to whether plaintiff had made any other option or lease since executing such option to defendant was properly excluded.

---

(1) 32 Cyc., p. 1343, n. 56. (2) 32 Cyc., p. 1370, n. 16.

APPEAL from a judgment of the Superior Court of Los Angeles County. Carlos S. Hardy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Kennicott & Williams for Appellant.

C. F. Holland for Respondent.

JOHNSON, J., *pro tem.*—This is an action to quiet title to plaintiff's interest in certain real property situated in Los Angeles County against claims of defendant based on an agreement which in terms gave defendant, for a limited period, an option for an oil lease.

The complaint alleges ownership and possession by plaintiff of a tract of land comprising 8.77 acres, and an adverse claim by defendant which is without right. The answer denies the allegations of the complaint, and alleges that by a written agreement dated November 23, 1921, plaintiff agreed to lease the property in suit to defendant or his nominees for the purpose of prospecting for and developing oil and other substances, but that plaintiff had refused to perform, notwithstanding defendant's readiness to perform his obligations; and defendant prays that his interest under the agreement be established and plaintiff be required to perform on her part. The court found that plaintiff owned a life interest in, and was in possession of, the property; and that by the agreement of November 23, 1921, plaintiff gave the defendant the right to obtain and draw a lease of plaintiff's interest in the property for the purpose of prospecting for and developing oil and other substances,

with provision for a royalty of one-sixth of such oil as might be produced and for a rental of a certain fixed sum for the first twelve months and a larger fixed sum for the next twelve months; and that the agreement had been recorded in the records of Los Angeles County. The court further found that on May 18, 1922, plaintiff gave defendant written notice that he had failed to comply with the terms of the agreement or of the lease, and that unless he did comply and pay the agreed rent within thirty days, plaintiff would terminate the agreement and lease. There are findings, in addition, that defendant did not comply with the agreement; that his rights had terminated, and that plaintiff had not failed or refused to comply with her part of the agreement. Judgment was entered in favor of plaintiff quieting her title, and from this judgment defendant appeals.

The evidence shows that the agreement of November 23, 1921, was one whereby, in consideration of one dollar, plaintiff gave defendant "the exclusive right to obtain and draw up a lease upon my property," being the property described in the complaint and comprising 8.77 acres. The agreement specifies certain terms and conditions of the proposed lease, including royalty and cash rentals as found by the court; and it provides further that "the right to draw a lease shall extend to the 8th day of Dec. 1921, and if *bona fide* negotiations are on that day going forward it shall be extended to the termination of such negotiations." It stated also that the lease should contain the general standard terms, and was to be approved by a competent attorney. From the evidence it appears that within a few days after the agreement was made defendant had a lease drawn by his attorney, which was laid before plaintiff. Plaintiff signed the lease so presented, and almost immediately left it in the hands of defendant's attorney, who, however, regarded it as deposited with him in escrow and not as delivered to him for transmission to the defendant. At any rate, it was never put in the possession of the defendant, nor did he ever sign it. There was no exercise of the option within the time specified in the agreement, nor were any negotiations then pending whereby defendant became entitled to an extension. About March 7, 1922, which was three months after the term of the option had expired,

Percy Kingsland, a broker, called on plaintiff at the instance of defendant, and stated to plaintiff that he had arranged with a man named Howard to purchase the lease from defendant, and that certain money for the purpose had been deposited in escrow; but that he had learned from defendant that there was some difficulty about getting the necessary papers to complete the transaction. From the testimony offered it appears that a deposit had been made with the Security Bank & Trust Company under written escrow instructions signed by Howard and approved by defendant. Plaintiff referred Kingsland to her son, who, when visited by Kingsland, informed him that plaintiff had only a life estate in the property, and that other parties in interest could not be gotten together to complete the title. The proposed transaction with Howard seems then to have been abandoned. Thereafter plaintiff served the written notice mentioned in the court's findings, which is dated May 15, 1922; but nothing further was done by defendant; and this action to quiet title was begun on June 29, 1922.

[1] Defendant contends that the judgment quieting plaintiff's title should be reversed on the ground that she was never at any time able to perform, since a life tenant is without power to grant the right to withdraw mineral resources from the freehold. That, however, is not a pertinent argument when addressed, under the circumstances in evidence, to this particular agreement. The agreement was not one whereby plaintiff agreed to give, and defendant to take, a lease. It was a mere option; and by its terms the option was expressly limited to December 8, 1921. There is no contention of any exercise of the option within the time named, nor was there any extension in writing, though there was a letter dated January 18, 1922, in which plaintiff asked for an explanation as to the delay in payments to her. She appears to have been under the impression that she was entitled to rents from the date of her agreement; but as a matter of fact no rentals were paid at any time. The notice, dated May 15, 1922, given by plaintiff to defendant, was equivalent to a renewal of the option for thirty days; but defendant did not avail himself of the privilege. Since the option was not exercised, it can make no difference to defendant in this action whether plaintiff was a life tenant or owner in fee. As the agree-

ment was recorded by defendant, and casts a cloud on plaintiff's title, she is entitled to have whatever title she has quieted.

[2] Defendant specifics as error the exclusion of certain testimony offered by him to show that the option for a lease from plaintiff was associated with a similar option obtained by defendant from plaintiff's daughter for a lease on adjoining land belonging to the daughter. Though such other option was obtained at the same time as plaintiff's and though plaintiff acted therein as agent for her daughter, plaintiff was affected only by the option to which she was herself a party; and the daughter's option had nothing to do with the issues in this case. The exclusion of the offered testimony was therefore proper.

[3] Error is also charged in refusing to receive in evidence escrow instructions dated March 7, 1922, given by Howard to the Security Bank & Trust Company. Howard's transaction, however, was with defendant and not with plaintiff; and while the witness Kingsland told plaintiff that money had been deposited in escrow, the escrow instructions were never exhibited to her; and, besides, defendant's option had expired three months previously. The court was correct in its ruling.

[4] The court was likewise correct in excluding testimony as to whether plaintiff had made any other option or lease since November 23, 1921. There was evidence, however, that there had never been any attempt to produce oil from the land, and that at the time of the trial it was used only for agricultural purposes.

The judgment is affirmed.

Works, P. J., and Thompson, J., concurred.